IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00116-BO

| | |
|---|---|
| APEX FUNDING SOURCE, LLC, and )<br>YEHUNDA KLEIN a/k/a JAY KLEIN, )<br>                                                        )<br>    Defendants-Appellants,    )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>WILLIAMS LAND CLEARING,     )<br>GRADING and TIMBER LOGGER, LLC, )<br>                                                        )<br>    Plaintiff-Appellee.            ) | O R D E R |

Before the Court is Motion for Leave to Appeal of Defendants-Appellants Apex Funding Source, LLC and Yehunda Klein, a/k/a Jay Klein, (collectively Defendants). [DE 3]. Apex Funding and Klein are defendants in an adversary proceeding in the United States Bankruptcy Court for the Eastern District of North Carolina. There, they moved to dismiss but the bankruptcy court denied their motion. Defendants now move this Court for leave to appeal that order. Plaintiff Williams Land Clearing, Grading, and Timber Logger, LLC opposes the motion. For the following reasons, Defendants' Motion for Leave to Appeal is denied

I.   **Background**

   A.   **Facts**

This case began with a merchant cash advance agreement between Apex Funding and Williams Land Clearing on 8 March 2022. The agreement provided a lump sum to Williams Land Clearing in exchange for weekly payments based on a percentage of its receivables. The payments were to continue until Apex Funding was paid with interest. Williams Land Clearing made

payments for a time but stopped. In May 2022, Apex Funding sued Williams Landing Clearing in the Supreme Court of the State of New York, Queens County for the remainder plus additional costs and fees. Klein was Apex Funding's attorney in that action.

Apex Funding and Williams Land Clearing settled their dispute. Under the Stipulation of Settlement, Williams Land Clearing was to pay Apex Funding. The Stipulation of Settlement also provided that, in the event of a default, Apex Funding could enter a default judgment without notice to Williams Land Clearing. Not long after, Apex Funding failed to make is payments under the Stipulation of Settlement. As a result, a judgment was entered in New York on Apex Funding's motion. Then Klein, on behalf of Apex Funding, sent lien and collection notice to WLC's customers to try and collect on Apex Funding's claims. Some of Williams Land Clearing's customers paid Apex Funding or Klein. Those payments, however, were never credited towards Williams Land Clearing.

### B. Procedural History

Not long after the default judgment, Williams Land Clearing filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Williams Land Clearing then filed a complaint in an adversary proceeding seeking primarily to avoid and recover transfers to Apex Funding and Klein. Defendants then moved to dismiss Williams Land Clearing's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

On 23 February 2024, the bankruptcy court denied Defendant's motion to dismiss. *See* Bankr. Ct. Order Den. Def.'s Mot. to Dismiss [DE 1-1]. Defendants filed a notice of appeal the same day. [DE 1]. On 26 February 2024, Defendants moved for leave to appeal with a memorandum in support. [DE 3, 4]. On 11 March 2024, Williams Land Clearing responded in opposition. [DE 10]. Defendants' motion is ripe for decision.

## II. Legal Standard Governing Interlocutory Appeals from Bankruptcy Court

Under 28 U.S.C. § 158(a)(3), appeals from interlocutory orders in bankruptcy court may proceed in district court only after leave is granted. Such appeals from bankruptcy courts to district courts are to be taken in the same manner as appeals are generally taken from the district courts to the courts of appeals. § 158(c)(2).

28 U.S.C. § 1292(b) governs interlocutory appeals from the district courts to the circuit courts of appeals. Section 1292(b) authorizes leave for an interlocutory appeal of an order where that order "involves [(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the termination of the litigation." § 1292(b). District courts in the Fourth Circuit use this tripartite standard when considering granting leave to interlocutory appeals from the bankruptcy courts. *E.g.*, *Public-Sector Sols., Inc. v. Hunt & Assocs., P.C.*, 626 F. Supp. 3d 811, 813–14 (D. Md. 2022); *Askri v. Fitzgerald*, 612 B.R. 500, 506 (E.D. Va. 2020); *In re Biltmore Invs., Ltd.*, 538 B.R. 706, 710–11 (W.D.N.C. 2015); *First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC*, 470 B.R. 364, 371 (E.D. Va. 2012).

Begin with the first requirement, that the order involves a controlling question of law. This requirement is divided into its two components: the question must be one of law and it must be controlling. To be a question of law appropriate for interlocutory review, that question must be "a pure question of law, i.e., an abstract legal issue that the [district court] can decide quickly and cleanly." *United States ex rel. Michaels v. Agape Senior Cmty, Inc.*, 848 F.3d 330, 341 (4th Cir 2017) (citations and internal quotations marks omitted). That question of law must not turn on genuine issues of fact or depend on whether the court properly applied settled law to the facts. *Id.* And for that "pure question of law" to be controlling, reversal of the bankruptcy court's order must either end the case or materially affect the outcome of the litigation. *Biltmore Invs.*, 538 B.R. at

3

711; *Public-Sector Sols.*, 626 F. Supp. 3d at 814; *Travelstead v. Valazquez*, 250 B.R. 862, 866 (D. Md. 2000).

Next, the second requirement, that a substantial ground for difference of opinion exists. "[A]n issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *In re Wijewickrama*, No. 1:16-cv-00347, 2018 WL 2212983, at *3 (W.D.N.C. Mar. 15, 2018). But the mere presence of a disputed issue is not enough to demonstrate a substantial ground for a difference of opinion. *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013). Instead, "the substantial ground for a difference of opinion must arise out of a genuine doubt as to whether the [bankruptcy court] applied the correct legal standard in its order." *Wyeth v. Sandoz, Inc.*, 703 F.Supp.2d 508, 527 (citations and internal quotations omitted). A legal standard is not infirm because reasonable judges may apply the same standard to similar facts and reach different results. *Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 527 (D. Md. 2016). What's more, a mere belief that the bankruptcy court wrongly decided the issue or incorrectly applied the governing legal standard does not present a substantial ground for difference of opinion. *See Karanik v. Cape Fear Acad., Inc.*, No. 7:21-CV-169, 2022 WL 16556774, at *5 (E.D.N.C. Oct. 31, 2022).

Finally, the third requirement, that the immediate appeal may materially advance the termination of the litigation. In determining whether an immediate appeal would have such an effect, "a district should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Goodman v. Archbishop Curley High School, Inc.*, 195 F. Supp. 3d 767, 773 (D. Md. 2016) (citation and quotation marks omitted); *see also Lynn*, 953 F. Supp. 2d at 626 (same).

4

Ultimately, the decision to grant leave is left to the discretion of the district court. *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995). The Fourth Circuit, however, has "cautioned that § 1292(b) should be used sparingly and thus its requirements must be strictly construed. *Agape Senior Cmty.*, 848 F.3d at 340 (citation and internal quotation marks omitted).

### III. Discussion

Defendants move for leave to appeal an interlocutory order that denies their motion to dismiss, contending that the bankruptcy court's order present grounds for an interlocutory appeal under § 1292(b), specifically the bankruptcy court's ruling on the applicability of the *Rooker-Feldman* doctrine and the New York choice-of-law provision in the merchant cash advance agreement.

In all the ways that matter, this case is identical to *Ace Funding Source, LLC v. Williams Land Clearing, Grading and Timber Logger, LLC*, No. 5:23-cv-00551-BO (hereinafter *Ace Funding*). In *Ace Funding*, as here, the Defendants filed a motion for leave to appeal an interlocutory order of the bankruptcy court denying defendant's motion to dismiss because of the *Rooker-Feldman* doctrine and a choice-of-law provisions. This Court denied defendant's motion on the grounds that neither issue as addressed in the bankruptcy court's order presented a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that order would materially advance the termination of the litigation. *See* 18 U.S.C. § 1292(b).

So too here. Thus, for the reasons set forth in its 1 July 2024 Order, 5:23-cv-00551-BO [DE 11], the Court concludes that Apex Funding and Klein has failed satisfy the high standard set forth in § 1292(b). Accordingly, the Court DENIES Defendants' Motion for Leave to Appeal.

### IV. Conclusion

For these reasons, Defendants-Appellants' Motion for Leave to Appeal [DE 3] is DENIED.

5

SO ORDERED, this 4 day of August 2024.

```
                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE
```